**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GUADALUPE ESTINA VELAZQUEZ,

Defendant-Appellant.

No. 19-10467

D.C. No.
2:12-cr-00877-NVW-4

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted June 16, 2022
San Francisco, California

Before: S.R. THOMAS, GOULD, and BEA, Circuit Judges.

Guadalupe Velazquez ("Velazquez") appeals from the district court's final

judgment that sentenced her to 90 months imprisonment and a four-year term of

supervised release following Velazquez's plea of guilty to conspiracy to possess

with the intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(B)(vii), and 846, and conspiracy to commit money laundering in

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

violation of 18 U.S.C. § 1956(h). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Velazquez was represented by a series of at least five court-appointed attorneys and then by retained counsel ("Scileppi"). Judge Wake presided over the proceedings from which Velazquez now appeals.[1]

## I.

Velazquez argues on appeal that Judge Wake erred by creating an intolerable risk of an appearance of bias or because his impartiality might reasonably be questioned, in violation of Velazquez's Fifth Amendment right to due process.

Where, as here, "recusal was not requested in the district court, . . . judicial bias claims are reviewed for plain error." *United States v. Rangel*, 697 F.3d 795, 804 (9th Cir. 2012); *see also United States v. Bosch*, 951 F.2d 1546, 1548 (9th Cir. 1991).[2] Under plain error review, a forfeited error in criminal proceedings "may be noticed" only if there was (a) an error, (b) that was "plain," (c) "affect[s] substantial rights," and (d) "seriously affect[s] the fairness, integrity[,] or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732–36 (1993); *see also United States v. Tuan Ngoc Luong*, 965 F.3d 973, 987 (9th Cir.

---

[1] Because the parties are familiar with the facts of this case, we do not recite them here unless necessary to provide context for our ruling.

[2] Velazquez does not argue on appeal that she requested recusal below or challenge the Government's argument that this court must review for plain error.

2020).  To establish that plain error predicated on a claim that a district court judge

erred in failing to recuse himself from a criminal proceeding "affect[s] substantial

rights," an appellant must show that "the error was highly prejudicial and there was

a high probability that the error materially affected the [outcome of the

proceedings]." *See Bosch*, 951 F.2d at 1548 (quoting *United States v.*

*Anguiano,* 873 F.2d 1314, 1319 (9th Cir. 1989)).

## A.

Velazquez argues that Judge Wake incorrectly concluded that Velazquez

was engineering conflicts with counsel to obstruct and delay proceedings and that

his statements consistent with this opinion created a risk and appearance of judicial

bias.  But "judicial remarks" during proceedings "that are critical or disapproving

of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a

bias or partiality challenge" because

> opinions formed by the judge on the basis of facts introduced or events
> occurring in the course of the current proceedings, or of prior
> proceedings, do not constitute a basis for a bias or partiality motion
> unless they display a deep-seated favoritism or antagonism that would
> make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994).  Here, Judge Wake's stated

opinions about Velazquez's behavior and motives were based on events occurring

during the proceedings over which Judge Wake presided and the record of her

previous proceedings before Judge Teilborg.  The record does not establish that it

3

is "plain" or "obvious," *Olano*, 507 U.S. at 734, that Judge Wake's opinion of Velazquez rose to "a deep seated . . . antagonism," much less an antagonism "that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

B.

Velazquez also argues that Judge Wake created the risk and appearance of bias by rebuking Velazquez's retained counsel, Scileppi, for belatedly filing a sentencing memorandum and by discussing his previous bar discipline in court. Velazquez contends that Judge Wake's use of an extrajudicial source during a court recess, by researching Scileppi's disciplinary history online, demonstrated the court's personal stake in the matter and increased the risk of an appearance of bias.

However, Judge Wake's critical remarks appear to have been derived primarily from "events occurring in the course of the . . . proceedings," *Liteky*, 510 U.S. at 555, such as Scileppi's filing of Velazquez's sentencing memorandum at 5:00 a.m. the morning of the sentencing hearing, apparent delay in attempting to schedule an appointment with psychologist Dr. Sullivan, apparent delay in seeking a second continuance of the sentencing hearing, and renewal of the second continuance motion at the hearing that the district court had already denied. Further, it is not "plain" or "obvious," *Olano*, 507 U.S. at 734, that a judge who consults a state bar website to research the bar discipline history of an attorney

4

appearing before the judge gains knowledge that the judge "ought not to possess." *See Liteky*, 510 U.S. at 550. And the record does not establish that it was "plain" that Judge Wake's exchange with Scileppi reveals such a "deep-seated . . . antagonism" against Scileppi that would make it impossible for him to render "fair judgment" about Velazquez, *id.* at 555.

## II.

We hold, in the alternative, that if the district court did err in stating its opinions about Velazquez's interactions with her counsel or researching and commenting on Scileppi's bar discipline record, the error was not prejudicial. Velazquez argues that the district court's appearance or risk of bias caused the district court to deny Velazquez's second motion for a continuance to secure a psychologist's report. But Judge Wake had denied the second continuance motion two days before the sentencing hearing in which the heated exchanges occurred between Judge Wake and Scileppi. Furthermore, Judge Wake stated that denying the second motion for a continuance would not cause Velazquez prejudice because Scileppi could make arguments about Velazquez's low risk of recidivism and about the trauma Velazquez experienced in prison on the basis of the data already included in the lengthy presentence report. In sentencing Velazquez, the district court gave "[Velazquez] the full benefit of the reasonable and plausible conclusions that can be drawn from [the traumas Velazquez suffered in prison and

5

at other times in her life], including the probability of her suffering from post-traumatic stress," and "as much weight as possible to [Velazquez's] recent rehabilitation."

Velazquez also argues that the district court imposed a sentence that was too long as a result of its bias. We disagree. The 90-month prison term was 31 months below the low-end of the Sentencing Guidelines range, which was 121–151 months, and 6 months below the Government's recommendation. The sentence was also less than the sentences received by defendants who were more culpably involved in the criminal operation, and more than the sentences received by less culpable defendants.

## III.

For the reasons stated above, the district court's judgment is **AFFIRMED.**